UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIB-THE INDEPENDENT BANKERSBANK, | § § § § | |
| Plaintiff, | § § | No. 3:13-cv-2825-M |
| v. | § § | |
| HOMETOWN BANK, N.A., | § § | |
| Defendant. | § § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion for Leave to File Third-Party Complaint [Docket Entry #7], filed by Defendant Hometown Bank, N.A. ("Hometown"). For the following reasons, the Motion is **GRANTED**.

*Background*

On June 13, 2013, Plaintiff TIB-The Independent BankersBank ("TIB") filed suit against Hometown in Texas state court, asserting claims against Hometown for breach of contract, unjust enrichment, and negligent misrepresentation. TIB claims that Hometown breached its obligation to indemnify TIB under a Mortgage Loan Program Level III Agreement ("MLA"), wherein TIB agreed to purchase from Hometown residential mortgage loans to sell to third-party investors, which Hometown warranted would be originated and processed in accordance with Freddie Mac's underwriting guidelines. TIB purchased a loan from Hometown (the "Loan"), which it later sold to Freddie Mac. Upon review, Freddie Mac determined that the appraisal on which the Loan was based overvalued the subject property, making the Loan ineligible for mortgage insurance pursuant to Freddie Mac's guidelines. As a consequence, TIB had to

indemnify Freddie Mac for its losses on the Loan.

Hometown removed the case to this Court on July 19, 2013, and filed its Answer to TIB's Complaint on July 23, 2013. On October 9, 2013, Hometown filed a motion to file a third-party complaint against Republic Mortgage Insurance Company ("Republic"), which insured the Loan, and RMIC Corporation ("RMIC"), which performed an underwriting review and approved the Loan. Hometown claims that after a claim was made, Republic wrongfully rescinded the insurance policy it had issued, and that it is liable to Hometown for resulting damages it incurs. Hometown also claims that RMIC has breached its underwriting agreement with Hometown and is liable to Hometown for any damages it might incur. TIB opposes the Motion, arguing that RMIC's liability to Hometown is questionable and that because Republic is under state regulatory supervision, joinder would therefore unnecessarily complicate the case, increase litigation costs, and prejudice TIB.

*Legal Standard*

Federal Rule of Civil Procedure 14 governs the filing of third-party complaints, and it is to be liberally interpreted. *Hancock v. Chicago Title Ins. Co.*, 263 F.R.D. 383, 393 (N.D. Tex. 2009) (Fitzwater, J.) (citing 6 Charles A. Wright, Arthur R. Miller and Mary Kay Kane, *Federal Practice and Procedure* § 1454 (2d ed.1990)). A third-party complaint may be filed against those who may be at least partially liable for a plaintiff's claims against a defendant. *McCain v. Clearview Dodge Sales, Inc.*, 574 F.2d 848, 849-50 (5th Cir. 1978). However, when a defendant seeks to file a third-party complaint more than fourteen days after serving its answer, it must obtain leave of court to do so, and a district court has wide discretion in determining whether to grant such leave. Fed. R. Civ. P. 14(a)(1); *S. Ry. Co v. Fox*, 339 F.2d 560, 563 (5th Cir. 1964).

In making its determination, a district court should consider the prejudice to the parties,

complication of trial issues, likelihood of delay, and timeliness. *Hancock*, 263 F.R.D. at 393. In addition, a district court should also consider whether allowing the third-party complaint would further the goals of judicial economy and eliminating duplicative suits. *Am. Int'l Specialty Lines Ins. Co. v. 7-Eleven, Inc.*, No. 3:08-CV-807-M, 2009 WL 2448440, at *1 (N.D. Tex. 2009) (Lynn, J.). These factors are not necessarily dispositive, and there is little case law in the Fifth Circuit that examines what factors are properly considered when deciding whether to permit a third-party complaint.

*Analysis*

I.   **Whether Republic and RMIC Are Potentially Liable to Hometown**

A third-party claim may be asserted under Rule 14(a)(1) only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to the defending party. *NuVasive, Inc. v. Renaissance Surgical Ctr. N., L.P.*, 853 F. Supp. 2d 654, 659 (S.D. Tex. 2012) (quoting 6 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, & Richard L. Marcus, *Federal Practice & Procedure* § 1446 (3d ed. 2011)). Therefore, a third-party complaint "require[s] that the defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff." *Briones v. Smith Dairy Queens, Ltd.,* 2008 WL 4200931, at *2 (S.D. Tex. Sept. 9, 2008) (internal quotation omitted).

Hometown asserts that if it is liable to TIB, Republic and RMIC are responsible for payment of any damages awarded against Hometown. With respect to Republic, TIB states in its Original Petition that Republic's rescission of the policy triggered Freddie Mac's demand for indemnification from TIB. Pl.'s Pet. 4, at ¶10. If, as Hometown alleges, Republic's rescission was improper, then the event that caused TIB to seek redress from Hometown originated from

Republic's improper action, and Hometown could reasonably seek redress from Republic for a breach of the insurance policy Republic issued. Moreover, the alleged inflated appraisal value of the subject property is a significant fact at issue in TIB's claims against Hometown and in Hometown's proposed claims against Republic. *See Hancock*, 263 F.R.D. at 393.

Similarly, if RMIC breached its agreement with Hometown or was negligent in performing its underwriting review of the appraisal in question, then RMIC could potentially be liable for damages Hometown must pay to TIB. Although RMIC may, as TIB suggests, offer affirmative defenses that its liability is limited under the underwriting agreement or that the statute of limitations on Hometown's claim has expired, the parties should be permitted to develop such claims and defenses rather than for them to be precluded preemptively. *See id.* (holding that the fact that joinder "would raise new questions in the case did not warrant denying the motion" for leave to file a third-party complaint). While Hometown's proposed third-party claims arise out of documents other than the MLA, there is a significant nexus between the underlying facts at issue in Hometown's claims against Republic and RMIC and TIB's claims against Hometown, which argues in favor of joinder. *Am. Fid. & Cas. Co. v. Greyhound Corp.*, 232 F.2d 89, 92 (5th Cir. 1956) (the district court properly granted leave where the proposed claims involved "substantially the same facts [as the original claim] . . . although there were other, distinctly separate questions involved, notably the interpretation of [a separate] contract"). Thus, Hometown's claims against Republic and RMIC satisfy Rule 14.

## II.     Discretionary Factors

TIB argues that joinder of Republic would unnecessarily complicate this case because Republic is under the supervision of the North Carolina Department of Insurance ("NCDOI"). The NCDOI has mandated that Republic's settled claims were to be paid at 60% of the

settlement amount, with the remaining 40% retained until NCDOI approves disbursement. However, these restrictions would not unduly complicate discovery or trial, but rather, would only affect the payment of any judgment against Republic that might be entered. TIB also argues that the joinder of RMIC will substantially lengthen discovery and make it significantly more expensive. On the contrary, because the claims in the proposed third-party complaint arise from the same core set of facts giving rise to TIB's claims against Hometown, and raise similar issues, there is little likelihood of significant additional delay, expense, or prejudice to TIB if the third-party complaint is permitted. *See Shaw SSS Fabricators Inc. v. Reliant Energy Mid-Atl. Power Holdings, LLC*, CIV. A. H-10-1612, 2010 WL 5444877, at *5 (S.D. Tex. Dec. 28, 2010). In contrast to cases where courts have found prejudice sufficient to deny leave, this case is at an early stage where discovery has not begun, and accordingly, TIB is unlikely to be materially prejudiced by the joinder of these additional parties. *See Am. Int'l*, 2009 WL 2448440 at *3 (finding that Plaintiff would be prejudiced by joinder where Plaintiff had already conducted discovery, hired experts, and filed motions for summary judgment).

Hometown's Motion is timely, given that this Court has not issued a scheduling order. *See Hancock,* 263 F.R.D. at 393; *J.S. v. Am. Inst. for Foreign Study, Inc.,* CIV.A. SA-12-CA-1036, 2013 WL 1822760 (W.D. Tex. Apr. 30, 2013). Additionally, the overlap between the claims asserted by TIB against Hometown and by Hometown against Republic and RMIC weighs in favor of granting Hometown leave to file its third-party complaint. *Shaw*, 2010 WL 5444877 at *5. A separate lawsuit by Hometown against RMIC and Republic would force another court to consider many of the same facts before this Court and would disserve interests of judicial efficiency. Therefore, the Motion for Leave to File Third-Party Complaint is **GRANTED**.

**SO ORDERED**.

November 25, 2013.

_____
**BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS**